UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH E. SHORTMAN, IV,<br><br>Defendant. | 1:09-CR-10046-CBK<br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on July 19, 2010, to 235 months imprisonment for aggravated sexual abuse by force. Defendant's total offense level was 34 and, together with a criminal history category of III, his guideline range was 188 – 235 months. The defendant was sentenced to the highest end of the guideline range.

Amendment 821 amended, retroactively, the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while he was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), only applies if the defendant has seven or more criminal history points before application of status points.

Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines § 1B1.10 governs the application of the reduction in a term of imprisonment as a result of retroactive amendments to the Federal Sentencing Guidelines. The Sentencing commission amended § 1B1.10 (d) to include the criminal history amendments that are part of Amendment 821.

The United States Supreme Court has instructed that sentence reductions pursuant to § 3582(c) and § 1B1.10 require a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

I find that defendant does not qualify for a reduction pursuant to Amendment 821. Defendant's criminal history score was calculated under the 2009 Guidelines Manual. Defendant was assigned three criminal history points for his prior convictions. He was assigned two status points pursuant to § 4A1.1(d) because he committed the instant offense while on supervised release for another offense. He was also assigned one "recency point" pursuant to § 4A1.1(e) because he committed the offense less than two years after release from prison for a prior sexual abuse of a minor conviction. The addition of two status points and one recency point resulted in a criminal history score of six placing defendant in criminal history category III. Under the amended guideline, he would receive no status points because he had fewer than seven criminal history points. His criminal history score would be four. Criminal history category III is applicable to defendants who are assigned four, five, or six criminal history points. Even if defendant's criminal history score is recalculated pursuant to Amendment 821, defendant is still in category III and his guideline range is still 188 - 235 months.

The Sentencing Commission deleted the "recency points" in 2010, Amendment 742. That amendment, however, was not made retroactive. Therefore defendant's criminal history score, after reduction of two points pursuant to Amendment 821, is four.

Application of Amendment 821 does not affect defendant's criminal history category or his guideline sentencing range. Accordingly defendant is not entitled to a reduction in sentence.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 38, is denied.

DATED this 8th day of May, 2024.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge